UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
In re:                                        :
                                              :
COMMERCIAL MAINTENANCE                        :
& REPAIR, INC.,                               :       CASE NO. 5:06-MC-46
                                              :       BANKRUPTCY CASE NO. 05-52803
           Debtor.                            :
------------------------------------------------  :
                                              :
HAROLD A. CORZIN, TRUSTEE                      :
                                              :       OPINION AND ORDER
           Plaintiff,                         :       [Resolving Doc. No. 1]
vs.                                           :
                                              :
STEVE HARVEY, ET AL.,                         :
                                              :
           Defendants.                        :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Before the Court is the motion for withdrawal of the reference to the bankruptcy court of

Defendants Steve Harvey, Victoria Fair, Alissa Harvey, Milling Away, LLC, and Fair Leasing, LLC

("Defendants").  [Doc. 1].  Plaintiff Harold Corzin does not oppose the motion.  [Doc. 2].  For the

reasons set forth below, the Court **DENIES** the Defendants' motion for withdrawal of bankruptcy

reference.

## I.  Background

        Commercial Maintenance & Repair, Inc. ("CMR") filed a voluntary petition for relief under

Chapter 7 of the Bankruptcy Code with the U.S. Bankruptcy Court for the Northern District of Ohio

-1-

Case No. 5:06-mc-46
Gwin, J.

on May 10, 2005. On January 16, 2006, Plaintiff Corzin filed a complaint against numerous defendants and began the adversary proceeding in the U.S. Bankruptcy Court for the Northern District of Ohio.

The Defendants filed a motion to withdraw the reference to the bankruptcy court on April 28, 2006. [Doc. 1.]  Defendants also filed an answer to Plaintiff's complaint and endorsed a jury demand.  Defendants claim that cause exists for the withdrawal of the reference in this case because they have a valid Seventh Amendment right to a jury trial, the Plaintiff's claims are non-core, and the interests of judicial economy are advanced by withdrawal.  *Id.*  On May 23, 2006, Plaintiff filed a response to the motion for withdrawal of reference. [Doc. 2.] Plaintiff stated his intent not to object to the motion because of lack of legal grounds.  *Id.*

For the following reasons, this Court **DENIES** Defendants' motion for withdrawal of reference.

## II.  Legal Standard

Section 157(d) of the Bankruptcy Code permits the district court to "withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  28 U.S.C. § 157(d).    The Bankruptcy Code does not define "cause." Consequently, the courts developed a non-exhaustive list of factors to consider in determining whether cause exists. These factors include promoting judicial economy, uniformity in bankruptcy administration, reducing forum shopping and confusion, conserving debtor and creditor resources, expediting the bankruptcy process, whether a party has requested a jury trial, and whether the proceeding is core or non-core. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999

Case No. 5:06-mc-46
Gwin, J.

(5th Cir. 1985); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Group)*, 4 F.3d 1095, 1101-02 (2d Cir. 1993). "If one or more of these factors is present, the court may find that cause exists to withdraw the reference." *U.S. v. Kaplan*, 146 B.R. 500, 504 (D. Mass. 1992). The moving party bears the burden of demonstrating that the reference should be withdrawn. *See In re Vicars Ins. Agency, Inc.*, 96 F.3d 949, 953 (7th Cir. 1996). District courts should be mindful that "withdrawal of reference is not intended to be an 'escape hatch' from bankruptcy court into district court" and thus courts should "grant such relief only in a limited class of proceedings." *Holland v. LTV Steel Co., Inc.,* 288 B.R. 770, 772-73 (N.D. Ohio 2002) (citing *In re White Motor Corp.,* 42 B.R. 693, 704 (N.D. Ohio 1984)).

In deciding whether to withdraw the reference, a district court should "first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101. A non-core proceeding has four characteristics: (1) it is not specifically identified as a core proceeding under 28 U.S.C. §§ 157(b)(2)(B)-(N); (2) it existed prior to the filing of the bankruptcy case; (3) it would still exist independent of the provisions of Title 11; and (4) the parties' rights, obligations, or both are not significantly affected because of the filing of the bankruptcy case. *In re Hughes-Bechtol*, 141 B.R. 946, 948-49 (Bankr. S.D. Ohio 1992). Because Congress intended to construe core proceedings broadly, proceedings that "do not contain all the characteristics of a non-core proceeding will be determined to be core." *Id.*

### III.  Legal Analysis

*A. Non-Core Proceedings*

In moving for a withdrawal of reference, the Defendants assert that the Plaintiff's claims are

-3-

Case No. 5:06-mc-46
Gwin, J.

non-core.  [Doc. 1.]  Despite its possible merit, the argument is not properly before this Court.  As

Judge John Manos recently pointed out, "[T]he question of whether an adversary proceeding is a

core proceeding should initially be decided by the bankruptcy court."  *In re Rivera*, No. 1:05mc65,

2005 U.S. Dist. LEXIS 23304, at *11 (N.D. Ohio Oct. 12, 2005).  In so ruling, Judge Manos

declined to decide whether a proceeding was core or non-core and referred the matter back to the

bankruptcy court.  This approach was proper, given the direction of the statute:  "The bankruptcy

judge shall determine, on the judge's motion or on timely motion of a party, whether a proceeding

is a core proceeding . . . or is a proceeding that is otherwise related to a case under title 11."  28

U.S.C. § 157(b)(3).  The Court follows 28 U.S.C. § 157(b)(3) and adopts the reasoning of *Rivera*.

Here, the Defendants say that Plaintiff's claims are non-core.  The Court, however, lacks the

complete record. It has only the motion to withdraw the reference and a copy of the docket sheet.

The Court does not know whether the bankruptcy judge determined that the action is a related

proceeding rather than a core proceeding.

### B. Right to a Jury Trial

In their motion to withdraw the reference, Defendants claim that they are entitled to a jury

trial.  [Doc. 1.]  The Bankruptcy Code does not authorize a bankruptcy judge to conduct jury trials

absent special designation pursuant to 28 U.S.C. § 157 and the consent of the parties.   28 U.S.C.

§ 157(e).  *See also In Re Midgard Corp.,* 204 B.R. 764, 778 n.18 (B.A.P. 10th Cir. 1997).

Specifically, 28 U.S.C. § 157(e) provides:

> If the right to a jury trial applies in a proceeding that may be heard under this section
> by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially

Case No. 5:06-mc-46
Gwin, J.

> designated to exercise such jurisdiction by the district court and with the express
> consent of all the parties.

28 U.S.C. § 157(e).  The Northern District of Ohio authorizes its bankruptcy judges to conduct

jury trials with the consent of the parties.  Local Bankr. R. 9015-2(a).  The Defendants do not

consent to the bankruptcy judge conducting the trial.  Therefore, if the Defendants have a right to

a jury trial, the bankruptcy court cannot conduct the trial.

> The Seventh Amendment provides for the right to a trial by jury as follows:

> In suits at common law, where the value in controversy shall exceed twenty dollars,
> the right of trial by jury shall be preserved, and no fact tried by a jury, shall be
> otherwise reexamined in any Court of the United States, than according to the rules
> of common law.

U.S. CONST. amend. VII.

In *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782 (1989), the Supreme Court

established the test to determine if one is entitled to a jury trial under the Seventh Amendment.

Applying this test, the Supreme Court held that defendants are entitled to a jury trial in certain

bankruptcy proceedings if the defendant has not filed a claim against the estate.  *Langenkamp v.

Culp*, 498 U.S. 42, 45 (1990).  Defendants who have filed a claim against the estate are not entitled

to a jury trial, however.  *Id.*

In the instant adversary proceeding, the Plaintiffs allegedly bring breach of contract and

fraudulent transfer claims against the Defendants.  Defendants argue that they are entitled to a jury

trial under both the Seventh Amendment and the precedent set by the U.S. Supreme Court in

*Granfinanciera*.

Case No. 5:06-mc-46
Gwin, J.

Before reaching the merits of the jury entitlement claim, this Court examines whether the district court or the bankruptcy court decides the jury entitlement issue under bankruptcy law. Although it has not addressed this issue directly, the Sixth Circuit has established that the "bankruptcy judge rules on whether a particular proceeding is a core proceeding." *Sanders Confectionery Prods, Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 483 (6th Cir. 1992).

Whatever the core proceeding classification, core or noncore, other courts have held that the bankruptcy court decides jury entitlement issues. *See, e.g., Allied Stores Corp. v. Federal Ins. Co.*, 1992 U.S. Dist. LEXIS 22013 (S.D. Ohio June 9, 1992); *In re Washington Mfg. Co.*, 128 Bankr. 198 (Bankr.M.D.Tenn. 1991); *Am. Universal Ins. Co. v. Pugh*, 821 F.2d 1352, 1355 (1987) (stating that "The bankruptcy court is an appropriate tribunal for determining whether there is a right to a trial by jury of issues for which a jury trial is demanded.").

In *Allied Stores Corp.*, the court denied a defendant's motion to withdraw the reference to the bankruptcy court. *Allied Stores Corp.* at *4. The defendant argued that the district court should withdraw the case because the defendant had a right to a jury trial and bankruptcy courts lack authority to conduct trials. *Id.* at *2.

In denying the motion, the court reasoned that whether one has a right to a jury trial is not itself a jury question. *Id.* at *3. Therefore, the bankruptcy court could determine this issue itself. *Id.* Additionally, "the bankruptcy court's significant knowledge of the bankruptcy laws would aid that court in determining the jury entitlement issue." *Id.* Moreover, if the movant disagrees with the bankruptcy court's findings on the jury trial issue, it can appeal such findings to the district court

-6-

Case No. 5:06-mc-46
Gwin, J.

pursuant to 28 U.S.C. § 158.  *Id.*    Finally, judicial economy weighs against withdrawing the

reference. *Id.* (noting that the bankruptcy court is better able to monitor the progress of the litigation

and to resolve any dispositive or discovery motions that the parties may file).

      Here, the Court lacks the complete record. This Court has only the motion to withdraw the

reference and a copy of the docket sheet.  The bankruptcy court appears to have the remainder of

the record, including the complaint and answer.  Therefore, the Court cannot determine whether the

Defendants have filed a counterclaim against the bankruptcy estate that would divest them of a right

to a jury trial.  The Court also cannot verify that the Defendants made a timely jury demand.  If they

did not, they waived any potential right to a jury trial.  *See* Fed. R. Civ. P. 38(d); Ohio R. Civ. P. 38.

Since the bankruptcy court presumably has the entire record, it is in the best position to determine

whether the Defendants have a right to a jury trial.

      Based on the above reasoning, this Court finds that the bankruptcy court should initially

decide whether the Defendants have a right to a jury trial. If the Defendants have a right to a jury

trial, this case should be withdrawn from the bankruptcy court.  Accordingly, the Defendants may

file a new motion to withdraw the reference then.

### C. Judicial Economy

      Given the time that has passed between the filing of Plaintiff's complaint on January 16,

2006 and the Court's treatment of this instant motion, the principles of judicial economy and the

interests of all the parties will not be served by the immediate withdrawal of the reference.  The

parties have presumably already invested significant time and expense in the proceeding before the

Case No. 5:06-mc-46
Gwin, J.

Bankruptcy Court. The *Holland* interests of promoting judicial economy, conserving creditor and debtor resources, and reducing confusion in bankruptcy proceedings would not be advanced by withdrawing the reference at this time. *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985). These factors strongly weigh against withdrawing the reference of the adversary proceeding to the bankruptcy court.

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion for withdrawal of reference without prejudice to permit the defendants to raise the issue in the bankruptcy court. [Doc. 1]. The Court refers the matter back to the United States Bankruptcy Court for the Northern District of Ohio.

IT IS SO ORDERED.

Dated: September 25, 2007               *s/     James S. Gwin*
                                        JAMES S. GWIN
                                        UNITED STATES DISTRICT JUDGE

-8-